UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62975-CIV-COHN/STRAUSS

VERSILIA SUPPLY SERVICE SRL,

    Plaintiff,

v.

M/Y WAKU, a 2016 model 209-foot
Azimut Benetti motor yacht, which is
Registered in the Cayman Islands as
Official Number 747107, her boiler,
engines, tackle, furniture, furnishings,
apparel, equipment, machinery,
appurtenances, tenders, etc., *in rem*,

    Defendant.
_____/

### ORDER DENYING M/Y WAKU'S AND MOCA LLC'S ("DEFENDANTS'") MOTION FOR FURTHER EXTENSION OF TIME TO SERVE PRIVILEG LOG (DE 353)

**THIS CAUSE** has come before the Court pursuant to referral by United States District Judge James I. Cohn of all pretrial discovery motions. (DE 4; DE 215). On June 29, 2020, Defendants filed [Defendants'] Motion for Extension of Time to Serve Privilege Log ("First Extension Motion") requesting until July 13, 2020 to serve its privilege log because "Owner has been busy preparing the Vessel for its first voyage since Owner purchased the Vessel at auction, which voyage began today." (DE 346 at 2). Intervening Plaintiffs did not file a response to the First Extension Motion, which response was due on July 13, 2020. Therefore, by default, Defendants received their requested 14-day extension. *Id.* On July 13, 2020, Defendants filed the instant motion ("Second Extension Motion"). (DE 353). The Second Extension Motion requests an extension through July 27, 2020 to serve the subject privilege log. *Id.* at 2. Defendants request this extension because "[t]he Vessel has been on voyage with Owner since June 29, 2020 and is

currently out to sea having only returned for a short period (approximately 30 hours) since June 29, 2020 . . . [and] Owner still has not been able to complete its search for and compilation of all privileged documents." *Id.* Defendants assert that the requested extension "will not prejudice any party." *Id.* Furthermore, both of Respondents' motions to extend the time to serve a privilege log describe the conferral effort as follows: "attempted to confer with Certain Intervening Plaintiffs' counsel, Amy Martin, by telephone on [date motion filed], [regarding the requested relief] but was unable to reach her."  (DE 346 at 3; DE 353 at 3).

"In this District, when asserting a claim of privilege it is incumbent upon the proponent to specifically and factually support his claim and to submit a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and S.D. Fla. L.R. [26.1(e)(2)(D)]." *Johnson Law Grp. v. Elimadebt USA*, LLC, No. 09-81331-CIV, 2011 WL 13225199, at *2 (S.D. Fla. Feb. 17, 2011) (citations omitted). Furthermore, Local Rules require that particular conferral efforts take place prior to the filing of a motion to extend the time to serve a privilege log.  Specifically, S.D. Fla. L.R. 7.1(a)(3) provides as follows:

> *Pre-filing Conferences Required of Counsel*. Prior to filing any motion in a civil case, except [for motions not applicable here] counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so;  or (B) that counsel for the movant has made *reasonable efforts* to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (*including the date, time, and manner of each effort*), but has been unable to do so. . . . Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate

>sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

Here, the Court finds that Defendants have not provided good cause for an extension of time to serve a privilege log. The fact that the Owner chooses to be at sea versus in a place conducive to producing a privilege log does not, without more, demonstrate good cause for a delay in production of the privilege log. Furthermore, the Court takes issue with Defendants' assertion that the delay does not cause prejudice. Fact Discovery in this case ends on July 31, 2020. (DE 336). Defendants propose producing the privilege log just a couple days prior to this deadline. Therefore, the Court concludes that there is prejudice contrary to Defendants' assertion. Additionally, the Court finds that Defendants have not complied with the conferral requirements set forth in Local Rule 7.1(a)(3), which by itself provides cause for denial of Defendants' motions for an extension of time to serve the privilege log. Specifically, making a phone call to opposing counsel, without success, on the day that a motion is filed, as occurred here in the case of both of Defendants' motions, is wholly insufficient.

For the foregoing reasons, Defendants' Second Motion for Extension (DE 353) is **DENIED**. Further, it is **ORDERED** that:

1. Defendants shall serve a privilege log by July 17, 2020.

2. Defendants' First Extension Motion (DE 346) is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of July 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF