UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62975-CIV-COHN/STRAUSS

VERSILIA SUPPLY SERVICE SRL,

    Plaintiff,

v.

M/Y WAKU, a 2016 model 209-foot
Azimut Benetti motor yacht, which is
Registered in the Cayman Islands as
Official Number 747107, her boiler,
engines, tackle, furniture, furnishings,
apparel, equipment, machinery,
appurtenances, tenders, etc., *in rem*,

    Defendant.

_____/

## ORDER DENYING INTERVENING PLAINTIFFS' MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OR IN THE ALTERNATIVE FOR SPOLIATION OF EVIDENCE ("MOTION TO COMPEL") (DE 365)

**THIS CAUSE** has come before the Court pursuant to referral by United States District Judge James I. Cohn of all pretrial discovery motions. (DE 4; DE 215). On July 15, 2020, Intervening Plaintiffs[1] filed their Motion to Compel (DE 365) seeking better responses or spoliation of evidence pertaining to Defendants'[2] responses to Plaintiffs' First Requests for

---

[1] Intervening plaintiffs are: Alastair Andrew ("Andrew"), Gabriel Alphaeus Attenborough ("Attenborough"), Krzysztof Hanusiak ("Hanusiak"), Kristina Mikulic ("Mikulic"), Chloe Nicolaou ("Nicolaou"), Garrett Smith ("Smith"), Joseph Williams ("Williams"), and Thrive Maritime LLC ("Thrive Maritime") (collectively, "Intervening Plaintiffs").

[2] Defendants are M/Y WAKU, a 2016 model 209-foot Azimut Benetti motor yacht, which is registered in the Cayman Islands under Official Number 747107, her boiler, engines, tackle, furniture, furnishings, apparel, equipment, machinery, appurtenances, tenders, etc. (the "Vessel"), and MOCA LLC ("Owner"), as owner of the Vessel.

Production.  For reasons stated herein, the Motion to Compel (DE 365) is **DENIED** without prejudice.

Southern District of Florida Local Rule 7.1(a)(3) states in relevant part:

> [C]ounsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, *counsel for the moving party shall certify* either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*See* S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

The Motion to Compel lacks the required certification regarding the movant's conferral efforts.  The Court is therefore left to wonder what, if any, efforts the parties made to resolve their disputes (many of which, from the content of the Motion to Compel, appear eminently resolvable through reasonable discussion).  The Motion to Compel therefore will be denied for failure to comply with the conferral requirements set forth in the Local Rules.  *Silver Creek Farms, LLC v. Fullington*, No. 16-80353-CV, 2018 WL 1413064, at *3–4 (S.D. Fla. Mar. 20, 2018) (finding no good cause to excuse Plaintiff's decision not to confer with Defendant and that failure to comply with the Local Rules in this regard provided sufficient grounds to deny Plaintiff's motion).

The Court does not view the movant's failure to certify compliance with the Local Rules regarding conferral as the mere omission of a perfunctory sentence to be inserted at the end of a motion.  Rather it is part of an ongoing and troublesome pattern of behavior by both parties in this case.  The motion practice in this action denotes a complete lack of communication and good faith conferral between the parties, the instant motion being at least the third example in recent weeks where the parties have either failed to sufficiently confer or failed to certify their attempts to confer.[3]

The parties' failure to cooperate with each other, let alone in a timely manner, requires the Court to resolve matters that should be resolved between the parties.

> It is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch *personally* to resolve discovery disputes and it should be a *rare* occasion when the court is called upon to resolve such disputes.

*Taylor v. Fla. Atl. Univ.*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (emphasis in original).

Moreover, the parties' failure to resolve their differences and reliance on the Court may ultimately prejudice one or both parties in their ability to litigate their cases.  The extended discovery deadline in this case is quickly approaching and may even conclude before resolution of the parties' disputes.  The parties can hardly blame the Court's deadlines for the parties ending up in this situation or for the parties' failures to sufficiently confer as the District Court has been very

---

[3] *See e.g.*, the District Court's Order (DE 356) affirming Order Denying Without Prejudice Protective Order (DE 345) for insufficient conferral efforts and denying Plaintiffs' Objection (DE 355); Order denying Defendants' Motion for Extension of Time to Serve Privilege Log (DE 353) finding conferral efforts wholly insufficient.  (DE 357 at 3).

liberal in granting extensions.[4]  The Court finds that, should the deadline pass without adequate resolution of the parties' disputes, the fault for this unfortunate result will rest squarely with the parties themselves.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE 365) is **DENIED** without prejudice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of July 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF

---

[4] For example, on April 6, 2020, the District Court granted an extension of the fact discovery deadline from April 16, 2020 to and including May 8, 2020.  (DE 300; DE 301).  On May 8, 2020, the District Court granted an extension of fact discovery to June 19, 2020.  (DE 317 at 2).  On June 11, 2020, the Court reset the trial date and pretrial deadlines extending fact discovery to July 31, 2020.  (DE 336).