UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62975-COHN/STRAUSS

VERSILIA SUPPLY SERVICE SRL,

      Plaintiff,

v.

M/Y WAKU, a 2016 model 209-foot
Azimut Benetti motor yacht, which is
Registered in the Cayman Islands as
Official Number 747107, her boiler,
engines, tackle, furniture, furnishings,
apparel, equipment, machinery,
appurtenances, tenders, etc., *in rem*,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before me upon cross-motions to tax costs. Counter-Plaintiff/Defendant, M/Y WAKU, a 2016 model 209-foot Azimut Benetti motor yacht, which is registered in the Cayman Islands under Official Number 747107, her boiler, engines, tackle, furniture, furnishings, apparel, equipment, machinery, appurtenances, tenders, etc. (the "Vessel" or "M/Y WAKU"), and Claimant, MOCA LLC ("MOCA") (collectively, "Defendants'") have filed a motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 7.3(c) and Local Rule E (14) against Intervening Plaintiffs, Joseph Williams and Thrive Maritime LLC ("Defendants' Motion"). (DE 474). Additionally, Intervening Plaintiffs, Alistair Andrew ("Andrew"), Gabriel Attenborough ("Attenborough"), Krzysztof Hanusiak ("Hanusiak"), Kristina Mikulic ("Mikulic"), Chloe Nicolaou ("Nicolaou"), Garrett Smith ("Smith"), and Joseph Williams ("Williams") (collectively, "Moving Intervening

Plaintiffs") have filed a motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 7.3(c) and Local Rule E (14) against Defendant M/Y WAKU ("Plaintiffs' Motion"). (DE 476).  This case was referred to me for appropriate disposition, evidentiary hearing and/or report and recommendation of all post-judgment matters ("Referral").  (DE 475).[1]  Intervening Plaintiffs, Andrew, Attenborough, Hanusiak, Mikulic, Nicolaou, Smith, Williams, and Thrive Maritime LLC ("Thrive") (collectively, "Responding Intervening Plaintiffs") filed a response[2] to Defendants' Motion and Defendants replied.  (DE 481; DE 485).  Also, Defendants M/Y WAKU and MOCA responded ("Defendants' Response") to Plaintiffs' Motion and Moving Intervening Plaintiffs replied.  (DE 479; DE 484).  Having reviewed the motions, the responses and the replies and being otherwise fully advised, I respectfully **RECOMMEND** that the motions be **GRANTED IN PART and DENIED IN PART**.  Specifically, I recommend that costs be awarded to Defendants in the amount of **$29,606.55** and that costs be awarded to the Moving Intervening Plaintiffs in the amount of **$6,773.85**.

## BACKGROUND

This case arises from an action to enforce claims for maritime liens for unpaid wages and related amounts after Defendant MOCA purchased the Vessel on October 23, 2019 subject to all maritime liens.  (DE 462 at 2).  Following a nonjury trial, the Court entered various judgments (DE 463).  The judgments were entered in favor of, and against, the below parties as follows:

---

[1] The Referral does not include any motions seeking reconsideration of the orders or judgments entered by the District Court in this case.  *Id.* at n.1.

[2] Defendants correctly note that Intervening Plaintiffs other than Williams and Thrive lack standing to oppose Defendants' Motion because Defendants are not seeking to tax costs against Intervening Plaintiffs other than Williams and Thrive.  (DE 485 at n.1).

| In Favor of | Against | Damages Amount | Total Amount[3] |
|---|---|---|---|
| Andrew | M/Y WAKU | $ 17,996.00 | $ 19,048.40 |
| Attenborough | M/Y WAKU | $  5,250.00 | $  5,557.02 |
| Hanusiak | M/Y WAKU | $  9,000.00 | $  9,526.32 |
| Mikulic | M/Y WAKU | $ 10,875.00 | $ 11,510.96 |
| Nicolaou | M/Y WAKU | $ 13,207.20 | $ 13,979.55 |
| Smith | M/Y WAKU | $  8,625.00 | $  9,129.39 |
| Williams[4] | M/Y WAKU | $ 23,433.33 | $ 24,803.70 |
| Castillo[5] | M/Y WAKU | $117,230.33 | $119,634.16 |
| M/YWAKU and MOCA | Williams | $ 68,926.26 | $ 69,399.87 |
| M/Y WAKU | Thrive Maritime | $     0.00 | $     0.00 |

(DE 463; DE 472).   All of the Moving Intervening Plaintiffs were awarded damages.[6]   In addition, the Court entered judgment in favor of Defendants M/Y WAKU and MOCA against Intervening Plaintiff Williams in the amount of $69,399.87.  (DE 463 at ¶¶7, 9).  Defendants' judgment against Williams resulted from their counterclaim for conversion.  (DE 462 at 41-42).  In finding for Defendants on their counterclaim, the Court stated:

> This claim is effectively uncontested.  Mr. Williams admits that he took a fuel credit, parts, a carbon fiber ladder, and three Sea Bobs from the Vessel.  That is why he agreed to reduce Thrive's claim. . . . Defendants are entitled to judgment in their favor on their conversion claim against Williams.

---

[3] The Total Amount includes prejudgment interest.  (DE 463; DE 462 at 43).

[4] Williams sought an additional $185,000.00 in alleged unpaid wages, which the District Court declined to award.  (DE 462 at ¶¶64-65, 67, 77-79; 25-26).  Also, the District Court found that Williams' claim for four months' severance was something that "Williams concocted . . . after the fact."  *Id.* at 33.  Further, the Court found that Williams initially falsely testified that he did not take any vacation in 2016 but conceded a one-week trip with his family after being confronted with contradictory evidence.  *Id.* at ¶56.

[5] On January 27, 2021, the District Court granted Eric Castillo's Unopposed Motion to Tax Costs in the total amount of $4,816.88 consisting of trial transcripts ($984.96 for court reporter Ms. Allen-Williams and $1,116.72 for court reporter Ms. Rassie), Castillo's deposition transcript ($2,111.20) and the deposition transcript of the corporate representative of MOCA ($604.00).  (DE 467 at 3; DE 468).

[6] Plaintiffs' Motion seeks to tax costs against Defendants jointly and severally; however, the judgements obtained by Moving Intervening Plaintiffs are against M/Y WAKU only.  (DE 476 at 8; DE 463).

*Id.* at 41.   The District Court also held that Williams admitted that he provided false sworn interrogatory answers and false deposition testimony by denying that he took the aforementioned items. *Id.* at ¶97.   Thus, Defendants succeeded with their counterclaim and obtained a judgment of $69,399.87 against Intervening Plaintiff Williams, which exceeded Williams' judgment against Defendant M/Y WAKU of $24,803.70.

In addition, the Court entered judgement in favor of Defendant M/Y WAKU *alone* against Thrive Maritime, LLC, Mr. Williams' company.   Thrive alleged that it was owed $131,319.36 for necessaries provided to the Vessel and $34,131.44 in accrued interest (for a total of $165,450.80). *Id.* at ¶¶2, 94; 37.   The Court, however, found that Thrive "failed to establish that it possess[ed] a maritime lien on the Vessel for necessaries." *Id.*   Therefore, Intervening Plaintiff Thrive recovered nothing in the instant action, and the Court entered judgment in favor of Defendant M/Y WAKU and against Thrive.   (DE 472).

Defendants and Moving Intervening Plaintiffs now seek to tax costs.   Defendants seek to tax costs against Intervening Plaintiffs Williams and Thrive jointly and severally in the amount of $29,766.55.[7]   (DE 474 at ¶¶3-4).   Responding Intervening Plaintiffs object to much of Defendants' costs, which objections are focused on expenses categorized as follows:

| DEFENDANTS' COSTS | | |
| --- | --- | --- |
| Category | Amount | Uncontested |
| Costs related to depositions | $ 19,844.30 | $ 3,392.02 |
| Costs related to trial transcripts | $  2,101.68 | $   689.35 |
| Costs related to service of subpoenas | $   290.00 | $   290.00 |
| Costs related to an admiralty bond | $  7,530.57 | $     0.00 |

---

[7] Only Defendant M/Y WAKU, however, prevailed against Thrive.   Therefore, I conclude that, for the purposes of determining liability for costs, Williams is liable to both Defendants, M/Y WAKU and MOCA, while Thrive is only liable to Defendant M/Y WAKU.   The practical effect of Thrive being liable solely to Defendant M/Y WAKU may be negligible because MOCA is the owner of M/Y WAKU.   Nonetheless, the judgment was rendered only in favor of M/Y WAKU against Thrive.

| TOTAL: | $ 29,766.55 | $ 4,371.37 |
| --- | --- | --- |

(DE 481).

Moving Intervening Plaintiffs seek to tax costs against Defendant M/Y WAKU in the amount of $6,982.95.  (DE 476 at 2).  Defendants argue that Moving Intervening Plaintiffs' are not entitled to recover any of their requested costs on the basis that Williams is not a prevailing party and on the basis that Moving Intervening Plaintiffs failed to make individual showings that they incurred or paid for the costs that they seek.  (DE 479).  Moving Intervening Plaintiffs categorize their costs as follows:

| PLAINTIFFS' COSTS | |
| --- | --- |
| **Category** | **Amount** |
| Costs related to depositions | $   3,768.29 |
| Costs related to trial transcripts | $   2,150.26 |
| Costs related to service of process | $      350.52 |
| Costs for Vessel's Transcript of Registry and service of complaint on Vessel | $ 313.88[8] |
| Filing fees | $      400.00 |
| **TOTAL:** | **$   6,982.95** |

(DE 476 at 4-5; DE 476-1).

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).  To qualify as a prevailing party under Rule 54(d):

---

[8] Moving Intervening Plaintiffs' total of these costs is in error by one cent.  (DE 476 at 5) (stating the total as $313.87).

[a] party need not prevail on all issues to justify a full award of costs . . .. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

"There need not be only one prevailing party in an action, one party may prevail on one claim while the opposing party prevails on another." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, No. 06-60889-CIV, 2009 WL 10696246, at *4 (S.D. Fla. Jan. 27, 2009) (Cohn, J.) (citing *Powell v. Carey International, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)). Federal courts, however, exercise discretion to deny costs to either party in cases with mixed results. *Dear v. Q Club Hotel, LLC*, No. 15-CV-60474, 2017 WL 5665359, at *8 (S.D. Fla. Nov. 1, 2017), *report and recommendation adopted*, No. 15-60474-CIV, 2017 WL 5665361 (S.D. Fla. Nov. 20, 2017) (collecting cases and stating that "in cases resulting in split outcomes, federal courts have exercised that discretion to deny costs to either party"); *see also Allstate Fire & Cas. Co. v. Ho*, No. 11-60724-CIV, 2013 WL 12086658, at *2 (S.D. Fla. May 30, 2013) (Altonaga, J.) (quoting *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3259702, at *4 (M.D. Fla. Aug. 16, 2010) for the proposition that federal courts generally award costs to one party so as to avoid cases being "'sliced into dozens of parts with parties fighting over who won each piece of a divided pie'").

While a trial court has some discretion in deciding whether to award costs to a prevailing party, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in section 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In addition, "Local Rule E (14) directs the Court to include in its final judgment all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any vessel." *M&M Priv. Lending Grp., LLC v. M/Y Ciao Bella*, No. 19-CV-62350, 2020 WL 5499102, at *4 (S.D. Fla. Sept. 3, 2020), *report and recommendation adopted*, No. 19-62350-CIV, 2020 WL 5500734 (S.D. Fla. Sept. 11, 2020) (internal quotation marks and citation omitted).

Furthermore, "there is no rule requiring courts to apportion costs according to the relative success of the parties" or on any other basis. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006) (citing *Johnson V. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980). Rather, apportionment based

upon the parties' relative success is limited to exceptional circumstances such as where the costs are vastly disproportional to the relief that was obtained. *Id.*

Although the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." *Ferguson v. North Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 3583754, at *3 (S.D. Fla. 2011) (Cohn, J.) (quoting *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000)). Moreover, costs are taxable when they are "for expenses *actually paid* in prosecuting or defending an action." *United States v. Spann*, 797 F. Supp. 980, 981 (S.D. Fla. 1992) (emphasis in original) (declining to award the United States a filing fee because the government was immune from paying a filing fee).

## ANALYSIS

### I.   Prevailing Parties

#### A.   Defendants as Prevailing Parties

The parties do not dispute that Defendants were the prevailing parties relative to Defendants' counterclaim against Williams.[9] (DE 474 at 2; DE 481 at 2-3). Rather, Responding Intervening Plaintiffs argue that "Defendants prevailed *only* on their counterclaim for conversion" and should, therefore, only recover for costs associated with the conversion claim. (DE 481 at 2) (emphasis added).[10] Defendants argue, however, that they prevailed against

---

[9] Defendants' Certification of Good Faith Conferral states that counsel for Williams and Thrive agreed that the movants were prevailing parties entitled to recover Thrive deposition costs of $2,169.30 and service of process fees of $290. (DE 474 at 7).

[10] Responding Intervening Plaintiffs assert that the counterclaim for conversion was a separate issue from what they term "the case in chief" involving maritime liens for wages; however, they fall short of arguing that Defendants are not prevailing parties with respect to the counterclaim.

Williams because the final judgment entered against Williams of $69,399.87 exceeds the final judgment of $24,803.70 that was entered in his favor. (DE 485 at 2). Defendants cite an out-of-district case for the proposition that a prevailing party is one who acquires a judgment on a counterclaim that exceeds the judgment awarded to a plaintiff against defendant. (DE 485 at n.2; DE 479 at 2-3) (citing *Harlan Coal Co. v. N. Am. Coal Corp.*, 35 F.2d 211, 213 (N.D. Ohio 1929)). However, courts in this district recognize that "there need not be only one prevailing party in an action." *St. Paul Fire & Marine Ins. Co.*, 2009 WL 10696246, at *4. Furthermore, a plaintiff is a prevailing party even if he acquires a judgment in his favor on only a small fraction of his claims. *Head*, 62 F.3d at 355. Therefore, while Defendants prevailed against Williams on their counterclaim, I conclude that Williams prevailed on his claim for wages.

Defendants additionally argue that they are prevailing parties as to Williams' Company, Thrive, because the Court entered a final judgment in favor of Defendant M/Y WAKU against Thrive with respect to Thrive's claim for necessaries that totaled approximately $165,000.00, including interest charges. (DE 474 at 2-3; DE 485 at 1-2; DE 462 at 36). Responding Intervening Plaintiffs make no compelling arguments against finding that Defendant M/Y WAKU is a prevailing party against Thrive. While Responding Intervening Plaintiffs acknowledge that Thrive lost on its claim for necessaries and concede that Defendants are entitled to costs for Thrive's deposition, they do not specifically affirm or deny that Defendants are a prevailing party with respect to Thrive's claim. (DE 481 at 2-4). Instead, Responding Intervening Plaintiffs merely observe that Defendants' position as to prevailing on Thrive's claim (as well as on the conversion claim) may be moot should they obtain a favorable ruling on Motions for Reconsideration that they filed. *Id.* at 11-12. The District Court, however, denied

---

(DE 481 at 2). Indeed, Responding Intervening Plaintiffs later explicitly acknowledge Defendants as "prevailing" with respect to the counterclaim specifically. *See id.* at 8.

the Motions for Reconsideration on April 12, 2021.  (DE 491).  Therefore, even if the Motions for Reconsideration were a reason to deny costs (and I do not find that they were), they are no longer a reason to do so.

Nor have the Responding Intervening Plaintiffs otherwise raised any meritorious arguments for me to conclude that M/Y WAKU is not a prevailing party against Thrive. Therefore, because Thrive's claim for necessaries is distinct from the Responding Intervening Plaintiffs' wage claims and because judgement was entered in favor of Defendant M/Y WAKU against Thrive, I find that Defendant M/Y WAKU is a prevailing party with respect to Thrive's claim.  *See St. Paul Fire and Marine Ins. Co.*, 2009 WL 10696246 at *4 (stating that "[a] prevailing party is defined as 'one who has been awarded some relief by the court'" and quoting *Morillo-Cedron v. District Director for the U.S. Citizenship and Immigration Services*, 452 F.3d 1254, 1257 (11th Cir. 2006)).  Additionally, Responding Intervening Plaintiffs' apparent acquiescence to Defendants' asserted position of prevailing with respect to Thrive's claim, by not presenting argument and authority to rebut Defendants' assertion, is not determinative on this issue.  Rather, the fact that Thrive's claim for necessaries was one of the central issues in the case weighs in favor of finding that Defendant M/Y WAKU is a prevailing party.  *See Royal Palm Properties, LLC v Pink Palm Properties, LLC*, No. 17-80476-CV, 2021 WL 1056621, at *3 (S.D. Fla. Feb. 17, 2021) (citing *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1035 n.5 (11th Cir. 1987) and finding that courts must look to "central issues" and "not the periphery" in determining whether a party is a prevailing party for purposes of awarding costs under Rule 54(d)).

Thus, for the reasons stated above, I conclude that Defendants M/Y WAKU and MOCA are prevailing parties with respect to the counterclaim for conversion against Intervening

Plaintiff Williams ("M/Y WAKU and MOCA v Williams") (DE 474 at 2; DE 481 at 2-3) and that Defendant M/Y WAKU is a prevailing party against Thrive with respect to Thrive's claim for necessaries ("M/Y WAKU v Thrive")  (DE 472).

### B.       Plaintiffs' as Prevailing Parties

With the exception of Williams, Defendants do not contest that Moving Intervening Plaintiffs are prevailing parties with respect to their claims against M/Y WAKU.  (DE 479). Notwithstanding Defendants' argument to the contrary, however, I find that Williams is also a prevailing party against M/Y WAKU with respect to his wage claim as previously discussed. Accordingly, I find that all of the Moving Intervening Plaintiffs are prevailing parties against Defendant M/Y WAKU and are entitled to costs.[11]

### II.    Costs

Having determined that Defendants and Moving Intervening Plaintiffs are prevailing parties and entitled to costs, I proceed by addressing the costs that each side seeks.  Responding Intervening Plaintiffs do not object to Defendants' cost in general.  Rather, their objections seek to lower the cost award.  Therefore, objections to Defendants' cost are addressed below as they pertain to each category of Defendants' requested costs.

Defendants, on the other hand, proffer that Moving Intervening Plaintiffs cannot recover their requested costs because they have not submitted individualized and personalized bills. Defendants explain that Moving Intervening Plaintiffs' counsel originally represented 28 plaintiffs in this lawsuit, and many of the non-moving plaintiffs settled for amounts that included their individually incurred costs.  (DE 479 at 3-4).  Therefore, Defendants take issue with the Moving Intervening Plaintiffs recovering the full amount of costs (rather than a pro-rata share)

---

[11] Moving Intervening Plaintiffs were awarded judgment against M/Y WAKU only.  (DE 463)

and with the Moving Intervening Plaintiffs recovering for costs which they do not demonstrate were actually incurred or paid by them individually. (DE 479 at n.3).

Notwithstanding Defendants' argument to the contrary, I find that the costs sought by Moving Intervening Plaintiffs are for expenses actually incurred and paid and that Moving Intervening Plaintiffs are entitled to an award of costs as described herein. Unlike the plaintiff in *Spann*, the intervening plaintiffs here, including the Moving Intervening Plaintiffs, incurred the costs at issue. 797 F. Supp. at 981. Once reimbursed, these costs are no longer recoverable. Therefore, these costs may get allocated among Moving Intervening Plaintiffs, Eric Castillo[12] and the settling intervening plaintiffs just as Defendant M/Y WAKU and Defendant MOCA are entitled to allocate awarded costs between them. Accordingly, I conclude that the circumstances here are not such that an individualized Bill of Costs is required from the Moving Intervening Plaintiffs and proceed to a review of the specific costs that are sought.

### A.      Costs Related to Depositions

"[C]osts for deposition transcripts are generally taxable as long as the transcripts were 'necessarily obtained for use in the case.'" *Zendejas v. Redman*, 15-81229-CV, 2018 WL 5808705, at *2 (S.D. Fla. Nov. 6, 2018) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000)). A deposition merely needs to have reasonably appeared necessary at the time taken. *Id.* Accordingly, "a deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (internal quotation marks and citation omitted). Additionally, a party

---

[12] *See* Eric Castillo's Unopposed Motion to Tax Costs in the amount of $4,816.88 (DE 467) granted by the District Court (DE 468) that was discussed in a footnote *supra*.

challenging the costs of a deposition "'bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.'"  *Zendejas*, 2018 WL 5808705 at *2 (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

### 1.      Defendants' Costs Related to Depositions

According to Defendants' Bill of Costs, the $19,844.30 in costs related to depositions consists of the following:

| Date | Description | Amount |
|------|-------------|--------|
| 5/1/2020 | Court Reporter Attendance re: Hanusiak & Attenborough | $   830.00 |
| 5/1/2020 | Compilation of Exhibits re: Hanusiak & Attenborough | $    75.00 |
| 5/1/2020 | Transcripts with Exhibits re: Hanusiak & Attenborough | $ 3,641.00 |
| 5/4/2020 | Court Reporter Attendance re: Andrew | $   362.50 |
| 5/4/2020 | Transcript with Exhibits re: Andrew | $ 1,474.90 |
| 5/5/2020 | Court Reporter Attendance re: Nicolaou & Smith | $   460.00 |
| 5/5/2020 | Transcript with Exhibits re: Smith | $ 1,875.05 |
| 5/6/2020 | Court Reporter Attendance re: Mikulic | $   290.00 |
| 5/6/2020 | Transcript with Exhibits re: Mikulic | $ 1,541.60 |
| 5/8/2020 | Court Reporter Attendance re: Williams | $   630.00 |
| 5/8/2020 | Transcript with Exhibits re: Williams | $ 1,565.30 |
| 5/28/2020 | Transcript with Exhibits re: Nicolaou | $ 1,229.85 |
| 6/1/2020 | Transcript with Exhibits re: Nicolaou | $   349.95 |
| 6/3/2020 | Transcript with Exhibits re: Thrive | $ 2,169.30 |
| 6/15/2020 | Transcript with Exhibits re: Williams | $ 1,532.50 |
| 8/6/2020 | Copy of Transcript w/Exhibits re: Brook O'Neill | $ 1,037.35 |
| 8/7/2020 | Court Reporter Attendance re: Castillo | $   780.00 |
| | **Total:** | **$19,844.30** |

(DE 474-1 at 3-4).

### a.   <u>M/Y WAKU and MOCA v Williams</u>

Responding Intervening Plaintiffs' arguments that Defendants are not entitled to certain costs relating to the counterclaim against Williams for conversion lack merit.  As previously noted, Responding Intervening Plaintiffs concede that Defendants are entitled to recover $2,169.30 for the deposition of Thrive with respect to the conversion counterclaim.[13]  (DE 481 at 4).  As to the deposition of Williams, Responding Intervening Plaintiffs argue that Defendants should only partially recover 32.8% of those costs based upon the proportion of Williams' and Thrive's total claim amounts compared to the amount of the bond in this case.  *Id.*  With this reasoning, Responding Intervening Plaintiffs argue that Defendants are entitled to $720.06 for Williams' 5/8/2020 deposition and $502.66 with respect to Williams' 6/15/2020 deposition.  *Id.* at 4-5.  Combined with the Thrive deposition cost, Responding Intervening Plaintiffs concede that, relative to the counterclaim against Williams for conversion, Defendants are entitled to $3,392.02 for costs relating to depositions.  *Id.*

Responding Intervening Plaintiffs further argue that the depositions of witnesses other than Williams and Thrive were conducted only for investigative purposes and were not necessarily obtained for use in the "conversion case" against Williams because they were unrelated to Williams' intentional tort of conversion.  *Id.* at 7-9.  Indeed, Responding Intervening Plaintiffs attempt to distinguish depositions other than Williams and Thrive as being only related to what they term as their case in chief regarding claims for maritime liens for wages.  *Id.*

Defendants, on the other hand, argue that all of the depositions should be fully taxed because they were properly taken and were wholly or partially necessarily obtained for use in the

---

[13]  Responding Intervening Plaintiffs do not explicitly state a reason for conceding that Defendants are entitled to costs related to the deposition of Thrive.  (DE 481 at 4).

case.  *Id.*  Defendants also argue that Responding Intervening Plaintiffs cite no authority to support that the recovery of costs for Williams depositions should be reduced or allocated on the basis of their proportion to the amount of the bond in this case.  (DE 485 at ¶8).

Here, as Defendants correctly argue, the deposition transcripts were necessarily obtained for use in the case because all of the witnesses deposed were parties in the case, the deponents were identified on the parties' respective witness lists and, except for Defendant MOCA's corporate representative, all of the witnesses testified at trial.  (DE 474 at 4-5; DE 485 at 6-7).  Furthermore, Responding Intervening Plaintiffs do not argue "that the deposition[s] [were] not related to an issue present in the case at the time of deposition[s]."  *Zendejas*, 2018 WL 5808705 at *2.  Also, as Defendants note, Responding Intervening Plaintiffs do not argue that the depositions were improper in any respect.  (DE 485 at 5).  Additionally, contrary to Responding Intervening Plaintiffs' argument, the instant action is not comprised of a "conversion case" and a separate case relating to maritime liens.  There is one case that is inclusive of all the claims as well as the counterclaim.  Moreover, Intervening Plaintiffs do not provide any grounds for finding that the circumstances of this case justify apportionment or a reduction of the costs, and I do not otherwise find that any such grounds exist.  *Kemin Foods, L.C.*, 464 F.3d at 1348.  Accordingly, I find that Defendants are entitled to fully recover the deposition costs of $19,844.30 with respect to Defendants' prevailing against Williams for their conversion counterclaim.

### b.   <u>M/Y WAKU v Thrive</u>

Responding Intervening Plaintiffs' argument for not fully taxing deposition costs with respect to Defendant M/Y WAKU's judgment against Thrive, stemming from Thrive's claim for necessaries, is unavailing.  The objection is to Defendants' recovery of deposition costs "that

have no connection to [the] count for conversion." (DE 481 at 7). Intervening Plaintiffs thus seek to narrow the focus, for determining whether the depositions were necessarily obtained, to only Defendants' conversion claim. Such narrowing, however, is inappropriate. As noted above, Defendant M/Y WAKU is a prevailing party with respect to Thrive's claim for necessaries. Furthermore, "[d]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success." *Adams v. Paradise Cruise Line Operator Ltd., Inc.*, No. 19-CV-61141, 2020 WL 4904195, at *2 (S.D. Fla. Aug. 20, 2020) (internal quotation marks and citation omitted).

Here, as previously discussed, the witnesses deposed were parties in the case, were identified on the parties' respective witness lists and, except for Defendant MOCA's corporate representative, testified at trial. (DE 474 at 4-5; DE 485 at 6-7). As Defendants also argue, Thrive identified several witnesses, in addition to Williams, as having knowledge about Thrive's claim, including Andrew, Nicolaou, Captain Brook O'Neill and Castillo. (DE 485 at ¶4; 485-1; 485-2). Moreover, Defendants argue that the depositions of all the witnesses were devoted in significant part to questions about Thrive's credit card purchases, which purchases served as the basis for Thrive's claim. (DE 485 at ¶5). Thus, I find that Defendants demonstrate that the depositions were necessary for use in the case and relevant to the claim that Defendant M/Y WAKU prevailed upon against Thrive.

In sum, Responding Intervening Plaintiffs do not carry their burden to show "that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition[s] [were] not related to an issue present in the case at the time of the deposition.'" *Zendejas*, 2018 WL 5808705 at *2. Also, nothing in the record indicates that the subject depositions were taken outside the bounds of the normal discovery process. Accordingly, I

conclude that Defendant M/Y WAKU, as the prevailing party with respect to Thrive's claim, should recover the total costs for depositions of $19,844.30 against Intervening Plaintiff Thrive.

## 2. Moving Intervening Plaintiffs' Costs Related to Depositions

Here, I find that all of the costs in the total amount of $3,768.29 that the Moving Intervening Plaintiffs seek are recoverable for reasons stated herein. Defendants take issue with only $180.00 of the total $3,768.29 costs related to depositions, which costs are as follows:

| Date | Description | Amount |
|---|---|---|
| 5/6/2020 | Invoice from Southeast Billing estimating the cost for a copy of the transcript of the deposition of Kristina Mikulic taken 5/6/2020 and credit card payment of same by Moving Intervening Plaintiffs' counsel on 10/6/2020 | $   763.00 |
| 7/23/2020 | Court Reporter Videoconference fee for the deposition of Brook O'Neill scheduled to be taken on July 23, 2020, which was not taken due to O'Neill's failure to appear. | $   180.00 |
| 7/27/2020 | Transcript costs for deposition of MOCA's corporate representative on 7/27/2020 | $ 1,133.16 |
| 8/6/2020 | Transcript costs for deposition of O'Neill on 8/6/2020 | $ 1,225.13 |
| 8/6/2020 | Videoconference charges - deposition of O'Neill on 8/6/2020 | $   387.00 |
| 7/27/2020 | Notary Services for deposition of MOCA's corporate representative on 7/27/2020 | $     80.00 |
| | **Total:** | **$ 3,768.29** |

(DE 476 at 4; DE 476-1 at 3-6, 10-11, 25, 27-29). Defendants object to the $180.00 charge for O'Neill's deposition that was not taken on July 23, 2020 on the basis that it was unilaterally scheduled by Intervening Plaintiffs and was the subject of Defendants' motion for a protective order that was filed on July 22, 2020. (DE 479 at 6). As Moving Intervening Plaintiffs correctly argue, O'Neill was not represented by Defendants' counsel, the last-minute protective order filed at 5:40 p.m. on July 22, 2020 was denied, and O'Neill's deposition was ordered to take place on or before July 31, 2020. (DE 374; DE 385). Although Defendants argue that O'Neill was not available on the July 23, 2020 date, the protective order sought to preclude opposing counsel from taking O'Neill's deposition at all. (DE 374). Defendants objections were overruled.

17

(DE 385).  Under these circumstances, I find that Moving Intervening Plaintiffs are entitled to recover the charge for the deposition that was scheduled and not taken.  Accordingly, I conclude that Moving Intervening Plaintiffs are entitled to recover $3,768.29 for costs related to depositions.

### B.      Costs Related to Trial Transcripts

"Trial transcript costs are . . . recoverable if they are necessarily obtained for use in the case, such as for post-trial motion practice." *Hughes v. Priderock Cap. Partners, LLC*, No. 9:18-CV-80110, 2020 WL 6491003, at *3 (S.D. Fla. Sept. 17, 2020), *report and recommendation adopted*, No. 9:18-CV-80110-RLR, 2020 WL 6487537 (S.D. Fla. Nov. 4, 2020) (citing *Fortran Grp. Int'l, Inc. v. Tenet Hosps. Ltd.*, No. 8:10-CV-1602-T-TBM, 2013 WL 12203233, at *2 (M.D. Fla. Sept. 30, 2013) (finding that trial transcripts were compensable because the court requested the parties to submit post-trial briefs)).

### 1.      Defendants' Trial Transcripts Costs

Here, I find that the below listed $2,101.68 in costs for trial transcripts are recoverable:

1.  Proceedings held on October 19, 2020: $984.96; and

2.  Proceedings held on October 21, 22, and 26, 2021: $1,116.72.

(DE 474-1 at 4).

Responding Intervening Plaintiff's argument that only 32.8% of these costs should be assessed is unavailing for reasons previously stated.[14]  (DE 481 at 4-5).  Responding Intervening Plaintiffs object only to paying the full amount of costs for the trial transcripts and make no other objections.  *Id.*  Defendants correctly argue that the trial transcripts were necessary because they were heavily relied upon and cited to in the parties' post-trial proposed findings of fact and

---

[14] Having determined above that the argument Intervening Plaintiffs make – regarding allocation of costs at a 32.8% rate – is unavailing, I do not further repeat a discussion of my finding.

conclusions of law.  Therefore, I find that the costs for the trial transcripts are recoverable in toto as to both Defendants M/Y WAKU and MOCA as prevailing parties against Williams and Defendant M/Y WAKU as a prevailing party against Thrive.

### 2. Moving Intervening Plaintiffs' Trial Transcripts Costs

I find that Moving Intervening Plaintiffs are entitled to recover $2,101.68 of the following costs that they seek related to trial transcripts:

| Date | Description | Amount |
|------|-------------|--------|
| 5/6/2020 | Invoice from Court Reporter for sessions on 10/21/2020, 10/22/2020 and 10/26/2020. | $ 1,116.72[15] |
| 7/23/2020 | Invoice from Court Reporter for sessions on 10/19/2020 and 10/20/2020. | $   984.96[16] |
| 10/28/2020 | FedEx charge for priority overnight package to Court Reporter, Ms. Rassie, that was delivered on 10/28/2020. | $    24.29 |
| 10/28/2020 | FedEx charge for priority overnight package to Court Reporter, Ms. Allen-Williams, that was delivered on 10/28/2020. | $    24.29 |
| | **Total:** | **$ 2,150.26** |

(DE 476 at 4; DE 476-1 at 14-15, 18-19).  Defendants object to the FedEx charges that were for checks delivered for payment to the court reporters of the costs for the transcripts on the basis that these charges are not taxable under 28 U.S.C. § 1920.  (DE 479 at 5).  I agree.  Moving Intervening Plaintiffs cite no authority that such charges are taxable, and I do not otherwise find any authority that these costs are reimbursable.  Accordingly, I find that Intervening Plaintiffs are entitled to $2,101.68 ($2,150.26 less $24.29 x 2) for the costs of trial transcripts.

### C. Costs Related to Service of Process

Costs for service of process, including costs for private process servers, are recoverable under 28 U.S.C. § 1920 to the extent that the rate charged does not exceed the cost of having a

---

[15] Eric Castillo was awarded $1,116.72 on January 27, 2021.  (DE 467-1 at 2, 4; DE 468).

[16] Eric Castillo was awarded $984.96 on January 27, 2021.  (DE 467-1 at 2, 4; DE 468).

U.S. Marshal effect service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."

### 1.      Defendants Costs for Service of Process

I conclude that $130.00 of the $290.00 that Defendants seek in costs for service of subpoenas that are listed below are recoverable for reasons that follow:

1. 6/10/2020 service upon Tropic Oil for $145.00; and

2. 6/11/2020 service upon National Marine Suppliers for $145.00.

(DE 474-1 at 3-4, 20).  Here, the two subject charges of $145.00 each exceed the $65.00 allowed amount.  Defendants argue only that costs of private process servers are compensable and correctly note that Williams and Thrive have agreed that the total costs are taxable.  (DE 474 at 5-6).  Defendants provide no justification, however, for the higher amount nor does the invoice provide any detail.  (DE 474-1 at 20).  Only $65 of the higher service fee is recoverable in these instances.  Therefore, I find that only $130.00 of the total services fees are recoverable.

### 2.      Moving Intervening Plaintiffs' Costs for Service of Process

I conclude that $190.00 of the $350.52 that Moving Intervening Plaintiffs seek for service of process, Federal Express and travel expenses and $290.00 of the $313.87 for the Vessel's Transcript of Registry and service of the complaint on the Vessel are recoverable for a total of $350.00 in reimbursable expenses in these categories.  Moving Intervening Plaintiffs in these categories are as follows:

i.     **Service of Process other than upon the Vessel**

| Date | Description | Amount |
|---|---|---|
| 10/16/2020 | Witness Compensation for Trial Witness Grzeszczak | $  56.16 |
| No receipt | Uber fees to serve Grzeszczak at his residence | $ 114.77 |
| 10/14/2020 | FedEx charge for overnight package sent to Grzeszczak | $  29.59 |
| 9/19/2020 | Service of process of subpoena for trial upon O'Neill | $  30.00 |
| 10/29/2020 | Service of process of subpoena for trial that was non-served upon Grzeszczak (original fee and 2nd address fee) | $  60.00 |
| 10/2/2020 | Service of process of subpoena for trial upon Donnelly | $  30.00 |
| 9/24/2020 | Service of process of subpoena for trial upon Jarvie | $  30.00 |
|  | **Total:** | **$ 350.52** |

(DE 476 at 4; DE 476-1 at 3-4, 12, 17, 20-23).

As an initial matter, Moving Intervening Plaintiffs group the witness fee of $51.15 that was paid to Grzeszczak under service of process.  (DE 476 at 4, 7).  Witness fees are recoverable when they do not exceed the normal statutory award of $40.00 per day allowed under 28 U.S.C. § 1821(b).  *See Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *22 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) (reducing the $254.40 in fees requested for two witnesses to the normal statutory award of $40.00 in the absence of justification for the higher request).  Here, Moving Intervening Plaintiffs state that "Mr. Frank Grzeszcak (sic) Jr. was . . . issued a check including his witness fee for appearance at trial."  (DE 476 at 7).  The receipt does not provide further explanation.  (DE 476-1 at 12).  Therefore, I conclude that only $40.00 of the witness fee is recoverable.

As to the $114.77 in Uber fees for serving Grzeszczak at his residence, I find that Moving Intervening Plaintiffs fail to provide a receipt for these charges or to explain how exactly these charges substitute for private process server charges.  Defendants argue that Uber fees are not taxable under 28 U.S.C. § 1920.  (DE 479 at 5).  Moving Intervening Plaintiffs do not reply to

Defendants' assertion.  Accordingly, given the lack of support and explanation for these charges, I conclude that the Uber fees of $114.77 are not recoverable.

I also find that the FedEx charge of $29.59 is not taxable.  Moving Intervening Plaintiffs explain that, in addition to using a process server service, service of process was also attempted via Federal Express.  (DE 476 at 7).  Defendants correctly argue that FedEx charges are not taxable under 28 U.S.C. § 1920.  (DE 479 at 5).  Although costs for private process servers are recoverable under §1920 as found by the Court in *W & O, Inc.*, I do not find persuasive Moving Intervening Plaintiffs' argument for considering FedEx a suitable replacement for service by a private process server in the present circumstances.  213 F.3d at 624.  Moving Intervening Plaintiffs explain that FedEx service was used as an *additional* means of serving the subpoena rather than as a necessary means that was effective in the absence of other alternatives.  (DE 476 at 6-7; DE 484 at 6).  Accordingly, I conclude that the $29.59 FedEx charge is not recoverable.

Defendants do not object to the service of process charges for O'Neill, Grzeszczak, Donnelly and Jarvie.  As these costs do not exceed the $65.00 allowed amount, I find that the costs are recoverable.  In sum, Intervening Plaintiffs are entitled to recover $190.00 ($40 + $30 + $60 + $30 + $30) of the $350.52 in costs sought.

## ii.        Service of Process upon the Vessel

I conclude that the $313.88 that Moving Intervening Plaintiffs seek for service of process upon the Vessel is taxable.  Moving Intervening Plaintiffs seek the following costs related to service of process upon the Vessel:

| Date | Description | Amount |
|---|---|---|
| 10/2/2018 | Fee for transcript of Registry for Vessel | $ 200.00 |
| 2/8/2019 | DHL charge for delivery of letter with service of summonses and complaints to Nautical Corp. as registered agent | $ 82.97 |
| 1/30/2019 | FedEx charge for overnight package sent to Miami Clerk of Court | $ 30.91 |
| | **Total:** | **$ 313.88** |

(DE 476 at 5; 476-1 at 3, 7-8, 16).

First, I find that the costs for obtaining an abstract of title were necessarily obtained for use in the case and are, therefore, compensable. *See Markel Am. Ins. Co. v. Nodarse*, No. 06-22489-CIV, 2008 WL 11480270, at *2 (S.D. Fla. June 12, 2008) (awarding cost of obtaining an abstract of title for the defendant's vessel under 28 U.S.C. § 1920(4)). Second, Defendants' arguments that the DHL charge for service upon Nautical Corp. is not a recoverable expense under § 1920 and that charges for service upon the prior owner of the Vessel for claims abandoned are not properly taxed against the Defendants are unavailing. (DE 479 at 5). Nautical Corp. was the registered agent for the Vessel, which Intervening Plaintiffs brought suit against *in rem*. Further, Moving Intervening Plaintiffs sought, and obtained, judgment against the Vessel. Moving Intervening Plaintiffs argue that they proceeded in accordance with Fed. R. Civ. P. 4(f)(2) to effect service of process on Nautical Corp. in the Cayman Islands, which they aver required obtaining a DHL shipping label in order to complete service of the complaint. (DE 484 at 5-6). Likewise, Moving Intervening Plaintiffs argue that the FedEx charge was also incurred for the purpose of serving the complaint on Nautical Corp. as prescribed under Fed. R. Civ. P. 4(f)(2). *Id.* at 6. Defendants do not argue that an alternative was available or more appropriate. Thus, I conclude that use of DHL and Federal Express services as agents to effect service is compensable in this case following the *W&O* court's directive that private process fees are taxable up to the amount authorized by § 1921. 213 F.3d at 624. As discussed above, the

allowable amount is $65.00 plus travel costs and out of pocket expenses. Here, Moving Intervening Plaintiffs have supported the full amount of the expenses incurred. Therefore, I find that the DHL and FedEx charges of $82.97 and $30.91, respectively, incurred by Moving Intervening Plaintiffs are recoverable. Accordingly, I find that the total costs sought of $313.88 are compensable.

### D.      Costs Related to an Admiralty Bond Sought by Defendants

I find that the costs of $7,530.57 related to the Admiralty Bond Premium for which Defendants seek reimbursement are recoverable for the reasons stated herein. Under Admiralty and Maritime Local Rule E (14), titled "Expenses of Sureties as Costs," "[i]f costs are awarded to any party, then all *reasonable* premiums or expenses paid by the prevailing party on bonds, stipulations and/or other security shall be taxed as costs in the case." Admiralty and Maritime Rule E (14)(a) of the Local Rules for the United States District Court in the Southern District of Florida. (emphasis added).

Here, Defendants aver that the $7,530.57 Admiralty Bond Premium is the pro-rata premium paid for that portion of the admiralty bond that Defendants posted in this matter for the claims asserted by Williams and Thrive. (DE 474 at 3). Defendants' bill of costs includes an invoice in the amount of $14,649.00 from Matson Charlton Surety Group in support of their request for partial recovery of the bond premium paid. (DE 474-1 at 26).

Responding Intervening Plaintiffs argue that the costs associated with the admiralty bond were unnecessarily incurred because Responding Intervening Plaintiffs' counsel offered to hold funds in escrow. (DE 481 at 10-11). Defendants, in reply, argue that the Local E (14)(a) provides for mandatory taxation of reasonable premiums paid when costs are awarded to a party regardless of whether alternatives existed. (DE 485 at 6). Further, Defendants argue that "this

24

Court ordered that an admiralty bond be posted in order to secure release of the Vessel" and that Defendant MOCA merely complied with the Court's order.  (DE 485 at 5) (citing DE 283; DE 292).  Defendants also argue that counsel for Responding Intervening Plaintiffs refused to return the telephone call of Defendants' counsel to discuss the matter and stated that the Vessel would be arrested in the absence of the court-ordered security being posted.  (DE 485 at 4-6; DE 485-4).  Defendants attach email correspondence between counsel in support of their assertion.  (DE 485-4).  The email from Responding Intervening Plaintiffs' counsel is dated March 25, 2020, is addressed to Defendants' counsel, and states that "the arrest will not be stopped for anything but the posting of the Court Ordered security."  *Id.*  Accordingly, I do not find it necessary to address whether the costs for the bond are reasonable and conclude that Responding Intervening Plaintiffs' argument, that the costs for the bond were unnecessarily incurred, is without merit.  Therefore, I find that Defendants are entitled to recover the $7,530.57 cost for the bond in accordance with Local Rule E (14).

### E.  <u>Filing Fee Costs Sought by Moving Intervening Plaintiffs</u>

Filing fees are recoverable under § 1920(1).  *Nicholas v. Allianceone Receivables, Mgmt., Inc.*, No. 10-60783-CIV, 2011 WL 13175103, at *4 (S.D. Fla. May 13, 2011), *subsequently aff'd*, 450 F. App'x 887 (11th Cir. 2012) (finding filing fees statutorily authorized under § 1920 and compensable).  Here, Moving Intervening Plaintiff seek $400.00 for filing fees, and I conclude that these fees are recoverable.

### <u>CONCLUSION</u>

For the reasons discussed above, I **RECOMMEND** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** Defendant's Motion (DE 474) and Plaintiff's Motion (DE 476).  Specifically, I recommend awarding Defendants costs in the

amount of **$29,606.55** ($19,844.30 for deposition transcripts, $2,101.68 for trial transcripts, $130.00 for costs of service and $7,530.47 for their admiralty bond costs) and awarding Moving Intervening Plaintiffs costs in the amount of **$6,773.85** ($3,768.29 for deposition transcripts, $2,101.68 for trial transcripts, $190.00 for costs of service other than upon the Vessel, $313.88 for an abstract of title and costs of service upon the Vessel and $400.00 for filing fees) as follows:

1. That costs of $29,606.55 be awarded in favor of M/Y WAKU against Williams and Thrive, jointly and severally;

2. That a separate Final Judgment taxing $29,606.55 in costs be entered in favor of M/Y WAKU against Williams and Thrive, jointly and severally;

3. That costs of $29,606.55 be awarded in favor of MOCA against Williams;

4. That a separate Final Judgment taxing $29,606.55 in costs be entered in favor of MOCA against Williams;

5. That costs of $6,773.85 be awarded in favor of Moving Intervening Plaintiffs against M/Y WAKU; and

6. That a separate Final Judgment taxing $6,773.85 in costs be entered in favor of Moving Intervening Plaintiffs against M/Y WAKU.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 10th day of May 2021.


Jared M. Strauss
United States Magistrate Judge

Copies furnished to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record