UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62975-COHN/STRAUSS

VERSILIA SUPPLY SERVICE SRL,

    Plaintiff,
v.

M/Y WAKU, a 2016 model 209-foot Azimut
Benetti motor yacht, which is registered in the
Cayman Islands as Official Number 747107,
her boiler, engines, tackle, furniture, furnishings,
apparel, equipment, machinery, appurtenances,
tenders, etc., in rem,

    Defendant.
_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT

THIS MATTER is before the Court on Garnishee's Response to Order to Show Cause [DE 515], which the Court also construes as a Motion to Vacate Clerk's Entry of Default ("Motion to Vacate").[1] The Court has reviewed the Motion to Vacate, M/Y WAKU's and MOCA LLC's Reply to Yacht Access, LLC's Response to Order to Show Cause – which is effectively a response to the Motion to Vacate – and all other pertinent portions of the record.

## BACKGROUND

On January 22, 2021, the Court entered a Final Judgment [DE 463] in this case. The Final Judgment contained awards in favor of various different parties, including a $69,399.87 award

---

[1] The District Court has referred all post-judgment matters in this case to me – pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida – for appropriate disposition, evidentiary hearing, and/or a report and recommendation [DE 475]. Because the Motion is not a dispositive motion, I enter an order disposing of it. *See Unger v. Sogluizzo*, 673 F. App'x 250, 252 n.2 (3d Cir. 2016); *Pinkston v. Atlanta Reg'l Comm'n*, No. 1:07-CV-1197-WSD-RGV, 2007 WL 4224814, at *2 (N.D. Ga. Nov. 27, 2007); *Kryszak v. Norfolk S. Corp.*, No. 117CV00530JLSMJR, 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020).

(plus post-judgment interest) in favor of M/Y WAKU and MOCA LLC (collectively, "Judgment Creditors") and against Joseph Williams ("Williams"). Judgment Creditors were also subsequently awarded $29,606.55 against Williams and Thrive Maritime LLC (collectively, "Judgment Debtors") pursuant to a Final Judgment Taxing Costs [DE 500], dated May 26, 2021.

Following the entry of both judgments, Judgment Creditors sought the issuance of a writ of garnishment directed to Yacht Access LLC ("Garnishee"), contending that Garnishee was either indebted to one or both Judgment Debtors or that Garnishee had property of one or both Judgment Debtors in Garnishee's possession or control. *See* [DE 503]. Judgment Creditors specifically noted that certain funds held in the Court registry in connection with a separate case – *Roscioli Yachting Center, Inc. v. M/Y KABIR*, No. 20-cv-61910 (S.D. Fla.) ("RYC Case") – were to be paid to Williams through Garnishee as a commission as a result of a sale that the Court confirmed in the RYC Case.

On October 26, 2021, the Clerk of Court issued a Writ of Garnishment [DE 505] to Garnishee, commanding Garnishee to serve an answer on Judgment Creditors' counsel within 20 days after service of the writ. The Writ of Garnishment also directed Garnishee to file its original answer with the Clerk of Court. The Writ of Garnishment further provided that "[s]ervice of the writ shall make [G]arnishee liable for all debts due by him to [Judgment Debtors] in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer." [DE 505]; *see also* §§ 77.04 & 77.06(1), Fla. Stat.

Although the Writ of Garnishment was issued in October 2021, Judgment Creditors did not serve it on Garnishee until March 8, 2022. [DE 508]. Ten days later, on March 18, 2022, Garnishee's accountant sent a letter (dated March 17, 2022) from Garnishee to Judgment Creditors' counsel stating: "We have nothing belonging to M/Y WAKU. There is no money owed

by us to them or any other activity between us." [DE 517-2]; *see also* [DE 508]. Despite serving the letter on Judgment Creditors' counsel, Garnishee never filed a formal answer. Consequently, Judgment Creditors moved for a Clerk's default [DE 509], and on April 7, 2022, the Clerk entered a Clerk's Default [DE 510] against Garnishee. On April 21, 2022, Judgment Creditors filed a Motion for Entry of Final Default Judgment Against Garnishee, Yacht Access LLC ("Motion for Default Judgment") [DE 511].

In reviewing the Motion for Default Judgment, the Court also reviewed various other court papers related to the Writ of Garnishment, including a Certificate of Service [DE 508] and the Motion for Entry of Clerk's Default [DE 509] previously filed by Judgment Creditors. Those two filings indicated that Garnishee had served an answer on Judgment Creditors' counsel, albeit one that did not strictly comply with Florida's garnishment statute. However, the statement that Garnishee had served (but not filed) an answer was not included in the Motion for Default Judgment. Because the Court found this omission to be somewhat concerning (if not misleading), because the garnishment statute only requires the service (not filing) of an answer,[2] and because counsel for Garnishee entered a notice of appearance (on June 2, 2022) [DE 513] but did not file any other papers, the Court entered an Order to Show Cause [DE 514], requiring Garnishee to show cause why the Motion for Default Judgment should not be granted. Garnishee timely filed its response, including its Motion to Vacate, on June 16, 2022 [DE 515], and Judgment Creditors timely replied, on June 24, 2022 [DE 517].

---

[2] *See* § 77.04, Fla. Stat. ("The writ shall require the garnishee to *serve* an answer on the plaintiff . . . . If the garnishee is a business entity, an authorized employee or agent of the entity *may* execute, file, and serve the answer on behalf of the entity." (emphasis added)). However, as Judgment Creditors note, the Writ of Garnishment did instruct Garnishee to both serve and file its answer.

## **LEGAL STANDARD**

The Eleventh Circuit has "long expressed [its] 'strong policy of determining cases on their merits' when reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). As such, defaults are viewed with disfavor. *Rodriguez v. Powell*, 853 F. App'x 613, 616 (11th Cir. 2021) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). "But the defaulting party still must offer a 'satisfactory reason' to set aside a default." *Id.* (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is a "mutable standard" that varies "from situation to situation" and that "is not susceptible to a precise formula." *Perez*, 774 F.3d at 1337 n.7 (quoting *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). It is a liberal standard, but it must still have substance. *Id.* To determine whether good cause exists to vacate a default, "courts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Id.* (citing *Compania*, 88 F.3d at 951). However, these factors are non-exhaustive. *See id.* "Depending on the circumstances, courts have also considered factors such as 'whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.'" *Id.* (quoting *Compania*, 88 F.3d at 951). Nonetheless, "where a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist." *Id.* (citing *Compania*, 88 F.3d at 951-52).

**DISCUSSION**

Having considered the totality of the circumstances, including the relevant factors that apply, the Court finds that good cause exists to vacate the Clerk's Entry of Default against Garnishee.

First and foremost, Garnishee has a strong meritorious defense. In determining whether a meritorious defense exists in the context of considering whether to vacate a default, "likelihood of success" is not the measure. *Argoitia v. C & J Sons, LLC*, No. 13-62469-CIV, 2014 WL 1912011, at *2 (S.D. Fla. May 13, 2014) (citing *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013)). "Rather, the proper measure is whether [Garnishee] ha[s] provided by 'clear statements' a 'hint of a suggestion' that [its] defenses have merit. *Id.* (quoting *Rodriguez*, 2013 WL 3147348, at *3).

Garnishee has easily satisfied the meritorious defense standard as it has provided far more than a "hint of a suggestion" that its defense has merit. It appears to be undisputed that the funds at issue – the commission from the RYC case – were disbursed to Garnishee and Williams (or his company) prior to service of the Writ of Garnishment. As set forth in the garnishment statute:

> Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer. Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control.

§ 77.06(1), Fla. Stat. Thus, had Garnishee disbursed funds owed to Williams following service of the Writ of Garnishment, it would have a difficult time establishing a meritorious defense. But it appears to be uncontroverted that the disbursements occurred in January 2022, nearly 2 months before the Writ of Garnishment was served on Garnishee. *See* [DE 515-1]; [DE 515-2]; [DE 515-3] ¶ 7.

Nonetheless, Judgment Creditors argue that the funds were wrongfully disbursed to Garnishee and Williams (or his company) in January 2022. That is because the Court did not approve disbursement (from the Court registry) in the RYC Case until May 2022. Moreover, because the sale in the RYC did not close until March 2022, Judgment Creditors contend that Garnishee and Williams did not have the right to the commission they received until at least that time, meaning that Garnishee was still indebted to Williams at the time the Writ of Garnishment was served. However, this argument ignores the fact that Garnishee paid Williams (or his company) what it would have owed Williams prior to closing. As such, even if Garnishee disbursed those funds prematurely, it is unclear (at best) how it would have owed Williams those funds following closing because it would have already paid him.

At any rate, the Court expresses no view on whether Judgment Creditors' arguments may ultimately have merit. Rather, in this narrow garnishment proceeding, the seemingly uncontroverted facts easily establish a meritorious defense, at least for purposes of considering whether to vacate a default.[3]

Second, the default was not willful, and Garnishee did not demonstrate an intentional or reckless disregard for these judicial proceedings. This is evidenced by the fact that Garnishee served an answer – albeit one that did not fully comply with the garnishment statute – on Judgment Creditors' counsel prior to the deadline to serve an answer. To be sure, Garnishee should have also filed its answer in light of the instructions in the Writ of Garnishment. Nonetheless, its service of an incomplete answer at least demonstrates that it did not intend to duck these judicial

---

[3] The Court makes no finding regarding whether Judgment Creditors may or may not have any other remedies (in some other action) that they can pursue for the alleged wrongful, premature disbursement of the commission. Rather, the Court simply finds that Garnishee has satisfied the meritorious defense standard in this narrow garnishment proceeding and in the context of considering whether to vacate a default.

proceedings. Moreover, when the Court issued its Order to Show Cause, Garnishee promptly responded within the 1-week deadline set by the Court. Thus, it has continued to show that it intends to defend against the Writ of Garnishment, and it has never demonstrated any sort of intentional or reckless disregard for these proceedings.

Third, the Court cannot find that Judgment Creditors would be prejudiced if the default against Garnishee is vacated. Judgments Creditors argue they would be prejudiced because vacating the default would "expose [them] to possible 'fraud or collusion' by Judgment Debtors to shield and/or hide available assets." [DE 517] at 9. While Judgment Creditors are correct that prejudice may exist when vacating a default presents greater opportunities for fraud or collusion, it is unclear how vacating a default against Garnishee presents greater opportunities for fraud or collusion by Judgment Debtors. This garnishment proceeding is ultimately about Garnishee's liability to Judgment Creditors, not Judgment Debtors' liability to Judgment Creditors, which is already established by two final judgments. Vacating the default against Garnishee will have no impact on those judgments. Moreover, vacating the default against Garnishee will not result in dissolution of the Writ of Garnishment. The Writ of Garnishment will remain in place pending the disposition of this garnishment proceeding. Thus, Judgment Creditors will not be prejudiced if the default is vacated.

Notwithstanding the foregoing, the Court does find that Garnishee should have been somewhat more prompt in moving to vacate the default. Garnishee was served with the Motion for Default Judgment on April 27, 2022 (and thus would have learned about the entry of default at that time), but it did not move to vacate the default for 1.5 months, and only after the Court issued its Order to Show Cause. Nonetheless, even though this factor weighs in favor of Judgment

Creditors, the Court finds that the totality of the circumstances present good cause for vacating the default against Garnishee for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion to Vacate [DE 515] is **GRANTED**. The Clerk is directed to vacate the Clerk's Entry of Default as to Yacht Access LLC [DE 510]. Because the Court finds good cause to vacate the Clerk's Entry of Default, it is further **ORDERED** that M/Y WAKU's and MOCA LLC's Motion for Entry of Final Default Judgment Against Garnishee, Yacht Access LLC [DE 511] is **DENIED as moot**. Garnishee shall file an answer to the Writ of Garnishment [DE 505] on or before **July 8, 2022**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of June 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge